**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ANGEL ROJO MORALES,

               *Petitioner*,

v.                                    Case No. 3:25-cv-1605-WWB-PDB

GARRET RIPA, et al.,

               *Respondents*.
_____/

## ORDER

Petitioner, an immigration detainee, initiated this action, through counsel, by filing a Petition for Writ of Habeas Corpus. (Doc. 1). Respondents filed a Response. (Doc. 11). And Petitioner filed a counseled reply. (Doc. 12).

## I.    BACKGROUND

Petitioner is a citizen of Mexico who entered the United States in 1999 without inspection. (Doc. 1 at 2, 5). On September 23, 2025, local law enforcement arrested Petitioner during a traffic stop and transferred Petitioner into the custody of Immigration and Customs Enforcement ("**ICE**") the same day. (Doc. 10 at 2). On September 24, 2025, ICE issued Petitioner a Notice to Appear charging Petitioner, *inter alia*, as an alien present in the United States without being admitted or paroled and initiating removal proceedings. (Doc. 11 at 2; Doc. 11-1 at 3). Petitioner remains in ICE custody without bond while his removal proceedings are pending.

In his Petition, Petitioner asserts ICE is unlawfully detaining him under 8 U.S.C. § 1225(b)(2)'s mandatory detention, which is violating: (Count I) the Immigration and

Nationality Act ("**INA**"); (Count II) agency bond regulations; and (Count III) the Due Process Clause of the Fifth Amendment. (Doc. 1 at 14–16).

Respondents argue that the Court lacks jurisdiction to entertain the Petition; Petitioner failed to exhaust his administrative remedies; and in any event, the Petition lacks merit because Petitioner's detention is lawful under § 1225(b)(2). (*See generally* Doc. 11).

In his Reply, Petitioner opposes Respondents' jurisdictional and exhaustion arguments; and asserts that the primary substantive issue for the Court's consideration is that § 1226(a) governs Petitioner's detention. (*See generally* Doc. 12).

## II.    DISCUSSION

As to Respondents' jurisdictional arguments, the Court has already considered and rejected those same claims. *See Dos Santos Lopes v. Sec'y, Dep't of Homeland Sec.*, No. 3:25-cv-1522-WWB-LLL, 2026 WL 776158, at *1 (M.D. Fla. Mar. 19, 2026) (finding neither § 1252(g) nor § 1252(b)(9) bar the petitioner's challenge to ICE's decision to treat him as an "applicant for admission" under § 1225(b)). Also, the Court need not address Respondents' exhaustion argument because the Petition will be denied on the merits. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) ("[B]ecause exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question."). To that end, the Court turns to the merits of Petitioner's claims.

The underlying premise of Petitioner's claim is that he should be classified under 8 U.S.C. § 1226(a) and afforded a bond hearing before an immigration judge rather than being mandatorily detained under 8 U.S.C. § 1225(b)(2).

Section 1225 governs "applicants for admission," which the statute defines as "[a]n alien present in the United States who has not been admitted or who arrives in in the United States (whether or not at a designated port of arrival . . . )." 8 U.S.C. § 1225(a)(1); *see Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018) (noting that under § 1225, "an alien who arrives in the United States, or is present in this country but has not been admitted, is treated as an applicant for admission" (internal quotation marks and citation omitted)). Immigration laws require applicants for admission to be inspected by immigration officers to determine whether they should be admitted into the country. *Jennings*, 583 U.S. at 287. Certain applicants are subject to expedited removal. *See* 8 U.S.C. § 1225(b)(1). But, as relevant here, § 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by [subsection(b)(1)]." *Jennings*, 583 U.S. at 288. There are no exceptions to permit the government to release aliens under this subsection on bond. *See* 8 U.S.C. § 1225(b)(2).

The INA includes provisions applicable to aliens in general, including those aliens who do not qualify as an "applicant for admission." *See* 8 U.S.C. § 1226. Section 1226(a) states: "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General "*may* continue to detain the arrested alien" or "*may* release the alien on bond" or "conditional parole." 8 U.S.C. § 1226(a)(1)–(2) (emphasis added).

3

It is undisputed that Petitioner entered the United States without inspection and has now been residing here for years.  While the Eleventh Circuit has yet to address the issue, other courts have addressed whether noncitizens in similar scenarios properly fall under § 1225 or § 1226.  And here, the Court adopts the plain meaning of the statutes as interpreted by the Fifth and Eighth Circuits.  *See Avila v. Bondi*, --- F.4th ----, No. 25-3248, 2026 WL 819258, at *1–6 (8th Cir. Mar. 25, 2026) (holding that "applicant for admission" in § 1225(a)(1) and "seeking admission" in § 1225(b)(2)(A) are synonymous, thus an "alien present in the United States who has not been admitted" "shall be detained"); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498–508 (5th Cir. 2026) (finding "[p]resence without admission deems the petitioners to be applicants for admission" subject to § 1225's mandatory detention); *but see Castanon-Nava v. DHS*, 161 F.4th 1048, 1062 (7th Cir. 2025) (preliminarily determining the Government was not likely to prevail on its argument).  In sum, because Petitioner entered the United States illegally and has not been admitted, he is an applicant for admission who is properly detained under § 1225(b)(2) as Respondents contend.

To the extent Petitioner claims his detention violates his due process rights under the Fifth Amendment and the INA, "[d]etention during removal proceedings is a constitutionally permissible part of" the deportation process.  *Demore v. Kim*, 538 U.S. 510, 531 (2003).  Accordingly, the Supreme Court has held that due process does not require a bond determination for a § 1226(c) detention during the entirety of removal proceedings.  *See id.*  If the Fifth Amendment does not require a bond hearing for § 1226 detainees during their mandatory detention, "then the same is true" for § 1225 detainees during theirs.  *Chen v. Almodovar*, No. 25 Civ 9670, 2026 WL 100761, at *14 (S.D.N.Y

4

Jan. 14, 2026).  As such, Petitioner's mandatory detention under § 1225(b)(2) neither violates the INA nor the Fifth Amendment's Due Process Clause. Petitioner's claims are denied.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

2. The Clerk shall enter judgment denying the Petition, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on April 2, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7

C:     counsel of record